IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Daryl Lamonte Sample, )
    Petitioner, )
     )
v. ) 1:13cv372 (CMH/TRJ)
     )
Harold W. Clarke, )
    Respondent. )

MEMORANDUM OPINION

Daryl Lamonte Sample, Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions of robbery, burglary and other offenses entered in the Circuit Court of Colonial Heights. On May 29, 2013, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting memorandum and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a reply with additional exhibits.[1] For the following reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

### I. Background

Sample was convicted following a jury trial of three counts of robbery, two counts of attempted burglary, burglary, conspiracy to commit burglary, use of a firearm during the commission of a felony, and wearing a mask in public. Case Nos. CR 09R-309-01 through -05, CR09R-309-16, CR09R-309-22, CR09R-309-23, CR09-547-03. By Order entered February 23,

---

[1] A motion for extension of time to file the reply remains pending on the docket. As the reply has been filed, the motion will be denied, as moot.

1

2010, he was sentenced to an aggregate of forty-two (42) years in prison.

On direct appeal to the Court of Appeals of Virginia, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), along with a motion to withdraw. When petitioner was provided with the opportunity to raise any claims he might choose, he filed a supplemental petition for appeal contending that the evidence was insufficient to sustain his convictions. In an unpublished opinion dated March 24, 2011, the appellate court rejected that argument, and explained:

> [T]he evidence proved that on March 13, 2009 three men arrived at Nathan Marchiano's residence. All three men wore masks. Two carried guns and the third carried a crowbar. The intruders ordered Marchiano and others to the ground and took their property. None of the victims could identify appellant as one of the intruders.
>
> Wayne Caldwell testified that he participated in the crimes with Ryan Wilson and appellant. The police investigated the crimes and located items associated with the robberies at a residence. Appellant was stopped outside the residence. Inside the car he was driving, the police found keys which belonged to one of the victims.
>
> The jury believed the Commonwealth's evidence. 'The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.' Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Appellant's codefendant implicated him in the plot and circumstantial evidence linked appellant to the crimes. The Commonwealth's evidence was competent, was not inherently incredible and was sufficient to prove beyond a reasonable doubt that appellant was guilty of wearing a mask in public, use of a firearm during the commission of a felony, conspiracy, armed burglary, two counts of attempted robbery, and three counts of robbery.

Sample v. Comm., R. No. 1225-10-2 (Va. Ct. App. Mar. 24, 2011), slip op. at 1-2; Resp. Ex. A.

Sample sought further review by the Supreme Court of Virginia. On April 22, 2011, the Court granted him an extension of time until May 25, 2011 to file a notice of appeal with the

Court of Appeals and a petition for appeal with the Supreme Court. By Order dated July 20, 2011, the Supreme Court dismissed Sample's petition for appeal "because the appellant failed to file the notice of appeal pursuant to this Court's April 22, 2011 order...." Sample v. Comm., R. No. 110978 (July 20, 2011); Resp. Ex. E.

On July 28, 2012, petitioner, through counsel, filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

> A. He received ineffective assistance of trial counsel when his attorney:
>
>> 1. failed to file a motion for change of venue;
>>
>> 2. failed to move to suppress evidence found in a search of petitioner's vehicle;
>>
>> 3. failed to investigate and present evidence as to petitioner's claims of duress and coercion;
>>
>> 4. failed to present additional witnesses.
>
> B. Appellate counsel was ineffective for failing to assist petitioner appropriately on direct appeal.

Resp. Ex. 6. The petition was dismissed on June 21, 2012. Sample v. Warden, Greenville Corr. Ctr., R. No. 121228 (Va. Dec. 10, 2012); Resp. Ex. G.

Sample then turned to the federal forum and timely filed the instant § 2254 petition, raising the following claims:

> A. He received ineffective of trial counsel when his attorney:
>
>> 1. Failed properly to investigate the case and prepare for trial because:

3

        a.    He failed to discover inconsistencies in testimony presented at the preliminary earing and trial;

        b.    His license was suspended for 30 days prior to trial;

        c.    He failed to interview witnesses petitioner suggested; and

        d.    He failed to file a motion to sever.

2..    Failed to move for a change of venue;

3.    Failed to move to suppress evidence found in a search of petitioner's vehicle;

4.    Failed to use sound trial strategy; and

5.    Failed to advocate the defense of duress.

B.    He received ineffective assistance of appellate counsel where his attorney:

1.    Failed to communicate with petitioner about the appeal;

2.    Failed to prefect the appeal properly in the Court of Appeals; and

3.    Informed petitioner without explanation that he could not obtain another lawyer.

As noted above, respondent has filed a Motion to Dismiss the petition and Rule 5 Answer, and petitioner has replied. Accordingly, the matter is now ripe for review.

## II. Exhaustion and Procedural Default

Petitioner's claims A(1)(b)-(c)and B(2)-(3) as listed above are procedurally defaulted from federal review. As a general rule, a federal petitioner must first exhaust his claims in state court, and failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court."). Here, claims A(1)(b)-(c)and B(2)-(3) have never been presented to the courts of Virginia, and so remain unexhausted.

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion

provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Here, petitioner's unexhausted claims are incapable of exhaustion, because their consideration by the state courts is precluded because they would be both untimely, Va. Code § 8.01-654(A)(2), and successive, Va. Code § 8.01-654(B)(2). Therefore, the claims are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Here, petitioner was represented in the state habeas proceeding, and he has not alleged that his habeas counsel was ineffective. Cf. Martinez v. Ryan, 566 U.S. ___, 132 S. Ct. 1309 (2012). Accordingly, claims A(1)(b)-(c) and B(2)-(3) of this petition are procedurally barred from consideration on the merits.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an

6

unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In all of his cognizable federal claims, petitioner argues that he received ineffective assistance of trial and appellate counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly

deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. See Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987).

In claim A(1)(b), petitioner argues that he received ineffective assistance of trial counsel because his attorney's license to practice was suspended for thirty (30) days before trial. However, although the suspension took effect on May 26, 2009, it was stayed on May 28, 2009,

and was not reimposed until March 28, 2011. Resp. Ex. F, Sub-Ex.B at 1, 3. Thus, when Sample made this same argument in his habeas corpus application to the Supreme Court of Virginia, the Court noted that "counsel's license to practice law in Virginia was suspended subsequent to petitioner's trial." Sample v. Warden, supra, slip op. at 4. In addition, the Court noted that "petitioner fails to articulate how he was prejudiced by counsel's alleged errors," and determined that petitioner had "failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different." Id. Because that holding was based on a reasonable determination of the facts and was not contrary to or an unreasonable application of Strickland, supra, the same result must be reached here. Williams, 529 U.S. at 412-13.

In claim A(1)(c), petitioner argues without elaboration that counsel rendered ineffective assistance by failing to present witnesses petitioner suggested. On state habeas review, the Supreme Court of Virginia found that this argument failed to satisfy either prong of the Strickland analysis because "[p]etitioner fail[ed] to identify the witnesses he contends counsel should have contacted and fails to provide the content of their anticipated testimony." Sample v. Warden, supra, slip op. at 2-3. Such a holding is a reasonable application of the Strickland principles. In general, courts "are reluctant to find ineffective assistance based upon complaints regarding uncalled witnesses." Lenz v. True, 370 F.Supp.2d 446, 479 (W.D. Va. 2005). A petitioner cannot show that he was prejudiced by the absence of a witness' testimony unless he demonstrates "not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." Alexander v. McClotter, 775 F.2d 595, 602 (5th Cir. 1985). Thus, where a petitioner fails to proffer precisely what testimony a missing witness would have provided and to supply an affidavit verifying that proffer, he does meet his burden to demonstrate

9

that counsel's performance was ineffective. See Makdessi v. Watson, 682 F. Supp. 2d 633, 654 (E.D. Va. 2010). Therefore, claim A(1)(c) of this petition warrants no relief.

In claim A(2), Sample contends that his attorney provided ineffective assistance when he failed to move for a change of venue. When petitioner raised this same claim in his state habeas application, it was rejected on the following holding:

> In the first portion of claim (a), petitioner alleges he was denied the effective assistance of counsel because counsel refused to file a motion for change of venue based on the 'media explosion' regarding the case.
>
> The Court holds that this portion of claim (a) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner fails to articulate any specific details regarding the alleged 'media explosion' and how it necessitated a change in venue. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of he proceeding would have been different.

Sample v. Warden, supra, slip op. at 1-2.

Virginia law presumes that a defendant can receive a fair trial in the jurisdiction where the offense occurred. Stockton v. Commonwealth, 227 Va., 124, 137, 314 S.E. 2d 371, 279-80, cert.denied, 469 U.S. 873 (1984). The existence of media reports about the accused and the crime do not necessarily require a change of venue. Buchanan v. Commonwealth, 238 Va. 389, 407, 384 S.E. 2d 757, 767-68 (1989), cert. denied, 493 U.S. 1063 (1990). A potential juror who has knowledge of the case, even if he has formed an opinion, still can sit on the jury so long as he can set that opinion aside. Thomas v. Commonwealth, 263 Va. 216, 231, 559 S.E.2d 652, 660 (2002) (citing Irvin v. Dowd, 336 U,.S. 717, 722-23 (1961)). Thus, "it is the ease of seating the jury that is the relevant factor, not the ultimate result of that process." Id. at 559 S.E.2d 661. In

this case, only three prospective jurors indicated that they had heard of Sample's crimes, all three said they would not be affected by what they had learned, and none were struck on the basis of their prior knowledge. (Tr. 11/16/09 at 37-38, 80) Clearly, at that point, no reasonable basis for a motion for change of venue existed. Therefore, the quoted holding of the Supreme Court of Virginia was based on a reasonable determination of the facts and was not contrary to or an unreasonable application of the principles of Strickland, supra, so the same result must be reached here. Williams, 529 U.S. at 412-13.

In claim A(3), Sample argues that his attorney was ineffective for failing to move to suppress ths fruits of a search of his vehicle. He does not articulate what was found in his vehicle, what was unlawful about the search, or how he was prejudiced by its result; his sole contention is that he told his lawyer that the vehicle was "illegally searched." Apparently, petitioner intends to refer to a search of a Cadillac automobile in which sets of keys belonging to the victims were found. However, those keys were seized pursuant to a search warrant (Tr. 592) which was obtained after an officer was able to see the keys inside the vehicle without entering it (Tr. 601). Under such circumstances, the Virginia Supreme Court's determination that this claim satisfies neither prong of the Strickland test, Sample v. Warden, supra, slip op. at 2, was reasonable, so the claim likewise must be rejected here. Williams, 529 U.S. at 412-13.

In Claim A(4), petitioner asserts that counsel was ineffective for not using sound trial strategy as the result of "suffering through his own personal issues." The Supreme Court of Virginia found this argument to be without merit, as follows:

> ... Petitioner contends that this is exemplified by counsel's failure to file motions, counsel's poor examination of witnesses, and counsel's 'overall distractedness.' As examples, petitioner asserts that counsel requested to take a phone call during trial and called only one witness on petitioner's behalf despite petitioner providing counsel with

11

> additional potential witnesses. ... Petitioner also cites pages of the trial transcript where he alleges counsel attempted to impeach a witness without foundation, confused witnesses, and misunderstood witnesses' testimony.
>
> The Court holds that this portion of claim (a) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Many of petitioner's contentions are conclusional and not set forth with sufficient specificity. ... Moreover, petitioner fails to articulate how he was prejudiced by counsel's alleged errors. Thus, petiitioner has failed to demonstraet that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of he proceeding would have been different.

Sample v. Warden, supra, slip op. at 4. Because the foregoing holding was based on a reasonable determination of the facts and was not contrary to or an unreasonable application of Strickland, supra, the claim warrants no federal relief. Williams, 529 U.S. at 412-13.

In claim A(5), petitioner faults counsel for failing to present petitioner's suggested defense of coercion or duress. Petitioner alleges that he was forced to commit his crimes by his accomplices, who allegedly threatened petitioner and his family with bodily harm. In the state habeas proceedings, petitioner also alleged that during the commission of the crimes a weapon was pointed in his direction and he continuously apologized to the victims. Sample v. Warden, supra, slip op. at 3. The Supreme Court of Virginia found that, to the contrary,

> [t]he record, including the trial transcripts, demonstrates that petitioner brandished a pistol during the crimes, struck two of the victims with his pistol, and did most of the talking at the crime scene. After hitting one victim, petitioner said he was going to kill that victim. No evidence suggested that petitioner had a gun pointed at him during the crimes or apologized. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Sample v. Warden, supra, slip op. at 3. Clearly, the Virginia Supreme Court's denial of relief on

this claim was a reasonable application of Strickland, supra, so the claim also must be dismissed here. Williams, 529 U.S. at 412-13.

In claim B(1), petitioner contends that he received ineffective assistance of counsel on appeal. First, he claims that his attorney should have consulted with him about the contents of the petition for appeal. As to that contention, the Supreme Court of Virginia stated on habeas review:

> Petitioner fails to articulate how the content of the petition for appeal would have been different, if at all, if counsel had discussed the petition with petitioner before it was filed. Moreover, the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Thus, petitioner has failed to demonstrae that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Sample v. Warden, supra, slip op. at 5.

Sample also alleges as part of claim B(1) that counsel should have told him earlier that he was filing an Anders brief and that petitioner could file a pro se supplemental brief in the appellate court. The Supreme Court of Virginia found no merit to that position, as follows:

> The Court holds that this portion of claim (b) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the Court of Appeals' order denying petitioner's appeal, demonstrates that petitioner filed a pro se supplemental petition for appeal and it was reviewed by the Court of Appeals. Further, petitioner fails to articulate any additional matters he would have included in his supplemental petition had he had more time to prepare it.[2] Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of he proceeding would have been

---

[2] In fact, counsel obtained an extension of time for Sample to file the supplemental petition. Resp. Ex. H.

13

different.

Sample v. Warden, supra, slip op. at 5-6.

Also as part of claim B, petitioner claims that after counsel's motion to withdraw by the Court of Appeals, counsel failed to file a notice of appeal to the Supreme Court of Virginia and did not advise Sample that he should do so. However, in its Order granting counsel's motion to withdraw, the Court of Appeals stated expressly that its "records shall reflect that Daryl Lamont Sample is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings on appeal." Sample v. Comm., supra, slip op. at 2. The following day, counsel addressed a letter to petitioner advising that "the court of appeals has now removed me as counsel and ordered that no further counsel be appointed." Pet. Ex. A. Counsel advised Sample that he had thirty (30) days to file his appeal to the Supreme Court of Virginia. Id. The Supreme Court of Virginia also advised Sample of the requirement that he file a notice of appeal and gave him an opportunity to do so. Resp. Ex. B, E. Against this factual backdrop, the Supreme Court of Virginia held:

> The record, including the Court of Appeals' order entered March 24, 2011, demonstrates that upon denying Petitioner's appeal, the Court of Appeals granted counsel's motion for leave to withdraw and ordered that petitioner was proceeding without assistance of counsel and was representing himself on any further proceedings on appeal. Further, counsel's letter to petitioner dated the next day, which is attached as an exhibit to the petition, demonstrates that counsel informed petitioner that his appeal to the Court of Appeals had been denied, that counsel had been removed as counsel of record, that no further counsel would be appointed, that petitioner had thirty days to file an appeal to this Court, and that petitioner was free to hire counsel for such appeal. Further, the record demonstrates that on April 22, 2011, this Court granted petitioner an extension of time until May 25, 2011, to file his notice of appeal with the Court of Appeals, and that petitioner's appeal was subsequently dismissed because he failed to file the notice of appeal pursuant to this Court's order. Thus, petitioner has failed to demonstrate that counsel's

14

performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Sample v. Warden, supra, slip op. at 6-7.

As to each of the three components of claim B, the Supreme Court of Virginia's denial of relief was based on a reasonable determination of the facts and was not contrary to or an unreasonable application of Strickland, supra. Thus, the claim also must be dismissed here. Williams, 529 U.S. at 412-13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for a writ of habeas corpus will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 9th day of July 2013.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia

15